UNITED STATES DISTRICT COURT                    SOUTHERN DISTRICT OF TEXAS

Ciara Wright,                             §
                                          §
                    Plaintiff,            §
                                          §
versus                                    §          Civil Action H-12-905
                                          §
Academy Sports and Outdoors, *et al.*,    §
                                          §
                    Defendants.           §

## Opinion on Final Dismissal

1.  Ciara Wright sued Academy Ltd. and three people – Consuelo Aguirre, Luis Palacios, and Michael Smith – for race and sex discrimination and retaliation. Wright says that a coworker, Luis Palacios, at Academy Sports and Outdoors put his arm around her waist and nibbled on her shoulder and neck.

2.  Wright appeared without counsel. Her mother was allowed to accompany her and to speak. It developed that a lawyer, Mark Sanders, was surreptitiously advising them. This limits the latitude normally allowed for unrepresented litigants.

3.  On October 3, 2010, Wright says a coworker licked and nibbled on her back without her permission. That day, Wright complained to her supervisor. The next day, she reported it to a personnel clerk. Academy investigated, but could not verify her story. At Wright's request, Academy transferred her to a position in a different department about 20 days later.

4.  On January 5, 2011, Wright filed a charge with the Equal Employment Opportunity Commission for sex discrimination and retaliation. She said Academy retaliated against her complaints when they transferred her to a new department. The commission mailed her a dismissal and notice on December 22, 2011.

5.      Wright filed her complaint on March 26, 2012; however, she did not serve Academy with a summons and a copy of the complaint. Although her charge only complained of sex discrimination and retaliation, she complained of racial discrimination in the complaint. She also said Academy should have fired her harassing coworker and taken her investigation more seriously.

6.      On June 29, 2012, Wright filed court-required disclosures and served Academy with a copy. In the disclosures, Wright developed her claims about sex and race discrimination and added yet another claim of disability discrimination. After being transferred, she was assigned to a team that unloaded goods in the warehouse. She says she hurt her back and Academy refused to accommodate reasonably for those 1 injuries.

7.      The court ordered her to correct deficiencies in her complaint. On July 19, 2012, Wright served Academy with a summons and the disclosures, again not serving the complaint. She has never served Academy with the complaint.

8.      Academy asked the court to clarify whether the disclosures constituted her pleading. In addition, Academy moved to dismiss the race and disability claims because they were never presented to the commission.

9.      On August 30, 2012, the court struck Wright's disclosures as a pleading, dismissed the claims not presented to the commission – making the original complaint her pleading – and dismissed the claims against the three workers for want of jurisdiction. The sex-discrimination and retaliation against Academy theories remained.

10.     On September 11, 2012, Academy moved to dismiss Wright's claims because Wright failed to perfect service. Academy also moved to dismiss any claims arising from her termination because this was not presented to the commission.

11.     On September 17, 2012 – eight and one-half months after she received her letter from the commission – Wright still had not served Academy. [1] Under Rule 12(b)(5), her

---

[1] *Carimi v. Royal Carribean Cruise Line, Inc.*, 959 F.2d 1344, 1346 (5th Cir. 1992).

suit may be dismissed without prejudice. Because Douglas is outside of the limitations period, a dismissal of any type will preclude her claim. The court explained this to Wright and then dismissed her claims. The court emphasized to Wright that this judgment will prohibit her from filing another suit against anyone based on the same facts however she categorized or framed them. Academy has the right to be served with a summons and a pleading.

12.   Academy did not waive its right to object to insufficient service when it filed its first motion to dismiss.[2] In their motion, they reserved their right to object to Wright's unwillingness to serve them with the complaint. Academy was not dilatory in objecting. Wright suffered no prejudice. Academy was patient in tolerating this suit for another month before objecting to service.

13.   To maintain an action, the plaintiff must have pleaded plausible facts that describe a transaction for which the law has a remedy.[3]

14.   The law about equal opportunity in employment requires that a worker's claims be against the employer and only the employer. This bars claims against co-workers, supervisors, and managers.[4] Wright has no claim against Aguirre, Palacios, and Smith.

15.   Affording Wright latitude, she complains of sex discrimination and retaliation. To be sexual harassment, the act must be severe or pervasive to the extent that it alters the conditions of her work by creating a intolerably abusive work place. [5] Wright has complained of one incident where her co-worker "nibbled [her] back with [his] teeth and [put] his arm on [her] waist." This battery was disgusting, but not severe; it was a single act of a co-worker, not a pervasive problem. Although she was transferred, this was only to make her more comfortable. Her pay, position, and context stayed the same.

---

[2] 5B Charles Alan Wright and Arthur Miller, Federal Practice and Procedure § 1353 (3d 2004).

[3] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[4] *Smith v. Amedisys Inc.*, 298 F.3d 434, 448 (5th Cir. 2002).

[5] *Meritor Savings Bank, FSB v. Vinson*, 477 U.S. 57, 67 (1986).

16.    Even if this conduct were actionable, Wright suffered no adverse action. Academy took prompt, reasonable steps to separate her from the man. After investigating, Academy transferred Wright to a different department to limit further conflicts. This accommodation was allowed despite the inconclusive information they gathered. During conferences with the court, Wright admitted that she did not suffer any adverse employment actions. She does not state a claim against the company.

17.    Wright also complained of discrimination from other incidents between November and December of 2010. The law requires her to present these allegations to the commission within 300 days.[6] Wright did not include these claims in her charge. Because she did not present them to the commission before 300 days passed, these claims are time-barred and will be dismissed with prejudice.

18.    Taking another broad view of her pleadings, she may have asserted a claim for retaliation based on her transfer and firing. Wright admits she had no problem with her new position, pay, or location. The company's attempt to help her is not an adverse employment action and cannot support a claim for retaliation.

19.    Her termination is barred as a ground for a claim because she did not present it to the commission. Putting exhaustion aside, Wright admitted in a conference with the court that her termination was unrelated to discrimination. Her retaliation claims will be dismissed with prejudice for failure to state a claim.

20.    During the conference on September 17, 2012, the court orally dismissed this case. Wright repeatedly said she wanted to abandon her suit in order to work on her new job and life. Her mother, by contrast, was disruptive and argumentative to the extent that she was ordered to leave the room. Post-judgment motions or appeals are likely to be a project of her mother's tortured imagination – and, therefore, contrary to Wright's wishes.

---

[6] 42 U.S.C. 2000e-5(e)(1).

21.    On Academy's motion, all of Wright's claims will be dismissed with prejudice for failure to state a claim. She must not sue Academy again based on these facts.


Signed on December 12, 2012, at Houston, Texas.


                                                Lynn N. Hughes
                                        United States District Judge